UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

CIVIL ACTION NO.:

ANDREA VILLEGAS, an individual                )    COMPLAINT
                                              )
            Plaintiff,                        )    JURY TRIAL DEMAND
                                              )
vs.                                           )
                                              )
HEALTH TRUST WORKFORCE                        )
SOLUTIONS, LLC, a foreign limited liability   )
company                                       )
                                              )
            Defendant,                        )
_____/

## COMPLAINT

Plaintiff, ANDREA VILLEGAS ("Plaintiff" and/or "Andrea"), by her counsel, sues Defendant, HEALTH TRUST WORKFORCE SOLUTIONS, LLC ("Defendant" and/or "Health Trust"), and pleads as follows:

## NATURE OF THE ACTION

1. This is an action under the Pregnancy Discrimination Act of 1978, as incorporated into Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(k) to correct unlawful employment practices on the basis of national origin and sex, as well as, to provide appropriate relief to Plaintiff. Specifically, Plaintiff alleges that Defendant engaged in unlawful acts which included, but were not limited to, discrimination, harassment and retaliatory termination based upon the Plaintiff's race, Hispanic, and sex, female, as manifested by her pregnancy.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.SC. § 2000e et.seq. and e-5(f)(1) and (3) ("Title VII"), Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, the Pregnancy Discrimination Act of 1978 ("PDA"), as incorporated into Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e(k) and the Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq.* (2014) ("FCRA").  In addition, this Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Florida, Broward Division.

## THE PARTIES

4. At all relevant times, Plaintiff was an adult female resident of Broward County in the State of Florida.  She was employed by Defendant in Broward County, Florida.

5. At all relevant times, Defendant has continuously been a Florida corporation registered in Florida as a foreign corporation and doing business in the state of Florida, with its principal place of business in the city of Sunrise, Florida and has continuously had at least twenty-five (25) employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of sections 701(b), (g) and (h) of Title VII, 42 S.C. §§ 2000e(b), (g) and (h) and as amended by the PDA and FCRA.

7. More than thirty (30) days prior to the institution of this lawsuit, Plaintiff filed a charge with the U.S. Equal Employment Opportunity commission (the "Commission") alleging violations of Title VII by Defendant and a notice of right to sue was issued by the Commission on February 27, 2019. All conditions precedent to the institution of this lawsuit have been

fulfilled. (Copies of the Charge and Notice of Right to sue are attached hereto as composite **Exhibit "A."**

## STATEMENT OF CLAIMS

8. Beginning on or about September 13, 2017 and through approximately October 9th, 2017, Defendant engaged in an unlawful employment practice at its Sunrise, Florida facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by willfully discharging Plaintiff on the basis of her race, Hispanic, and sex, female (pregnancy), as more fully set forth below.

9. On or around September 13, 2017, Defendant hired Plaintiff as a "Program Professional" at Defendant's Sunrise, Florida facility.

10. Plaintiff is female of Hispanic race.

11. Approximately eight (8) to twelve (12) weeks prior to the date she received her offer of employment with the Defendant, Plaintiff learned that she was pregnant.

12. On or about September 13th, 2017, Plaintiff notified Defendant of her pregnancy immediately upon receipt of Defendant's offer of employment. Specifically, Plaintiff informed Michelle Horbally ("Horbally") who was employed by Defendant as its Human Resources' Corporate Recruiter and who personally extended Defendant's offer of employment to Plaintiff.

13. Plaintiff was not affected by her pregnancy in her ability to perform her job and Horbally told Plaintiff not to worry and that her pregnancy would not affect her employment upon Plaintiff giving Horbally notice of her pregnancy.

14. On or about October 2, 2017, Plaintiff commenced her employment with Defendant. On that day Plaintiff asked Horbally if she had made her Direct Supervisor, Sylvia Weg Swezy, ("Weg Swezy") aware of the fact that Plaintiff was pregnant. Horbally replied that

she had not and Plaintiff asked Horbally whether she should tell Weg Swezy. At that point Horbally instructed Plaintiff not to tell Weg Swezy until the following week.

15. Thereafter, without having spoken to Weg Swezy about her pregnancy, Weg Swezy began harassing Plaintiff by, inter alia, making inappropriate comments about the Plaintiff's body odor and general hygiene.

16. On or about October 6, 2017, Plaintiff contacted Horbally to inquire as to the procedure for requesting time off to attend a pre-natal doctor's appointment she had scheduled in the coming weeks. Horbally instructed Plaintiff to speak with Weg Swezy on the coming Monday, October 9, 2017 to inform her of her pregnancy and the impending doctor's visit.

17. On or about Monday October, 9, 2017 at 11:00am, Plaintiff informed Weg Swezy about her pregnancy and impending doctor's visit. Weg Swezy confirmed that she had knowledge of her pregnancy prior to October 9th, 2017 and told plaintiff that she would need to fill out "appropriate forms" to request the time off to go see her doctor.

18. On or about October 9, 2017 at 5:00pm, Defendant terminated Plaintiff's employment claiming that Plaintiff had "lied," "miscommunicated," and had been unprofessional.

19. Defendant knew at the time of Plaintiff's termination that she was pregnant and terminated her employment because of her pregnancy.

20. Prior to notifying Weg Swezy about her pregnancy, Plaintiff was not informed of any issues related to the performance of her job prior to her termination nor had it ever been mentioned to Plaintiff that she was "unprofessional" or that Defendant perceived that Plaintiff had lied or miscommunicated any information about anything.

**AZOY SOCORRO, LLP**
2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | E: jose@azoysocorro.com

21. On or about October 9, 2017, Plaintiff was discharged without warning by Weg Swezy. Plaintiff's discharge occurred just hours after she disclosed to Weg Swezy that she was pregnant. Defendant was aware of Plaintiff's pregnancy at the time Plaintiff was discharged.

22. Defendant discharged Plaintiff because of her race, Hispanic, and sex, female, as manifested by her pregnancy.

23. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee, because of her race, Spanish, and sex, female, as manifested in her pregnancy.

24. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

## COUNT I
### VIOLATION OF THE PDA AS AMENDED BY TITLE VII

25. Plaintiff realleges and incorporates herein all of the allegations set forth in paragraphs 1-24 above as if set forth herein.

26. On or about September 13, 2017, Plaintiff notified Defendant of her pregnancy.

27. Plaintiff was not affected by her pregnancy in her ability to perform her job duties.

28. On or about October 9, 2017, Defendant terminated Plaintiff's employment.

29. Defendant knew at the time of Plaintiff's termination that she was pregnant.

30. Defendant discharged Plaintiff because of her sex, female, as manifested by her pregnancy.

31. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex, female, as manifested in her pregnancy.

**AZOY SOCORRO, LLP**
2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | E: jose@azoysocorro.com

32. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

33. As a result of Defendants violation, Plaintiff suffered and continues to suffer from lost income, lost fringe benefits, expenses incurred in searching for replacement employment, and additional education, pain and suffering, mental anguish and emotional distress, and other damages permitted by law as more fully set forth in her prayer for relief.

**COUNT II**
**RACE DISCRIMINATION UNDER TITLE VII**

34. Plaintiff realleges and incorporates herein all of the allegations set forth in paragraphs 1-33 above as if set forth herein.

35. Plaintiff brings this action under 42 U.S.C. Sect. 2000(e), *et seq*.

36. Plaintiff is a member of a protected class in that she is of the Hispanic race.

37. Plaintiff is qualified" for work as a "Program Professional."

38. Plaintiff suffered adverse employment actions because of her Hispanic race, as discussed *supra*.

39. Non-Hispanic employees of Defendant did not suffer discrimination based on race.

40. Plaintiff complained of acts of discrimination to Defendant.

41. Plaintiff's discharge was the result of Defendant's discrimination against Hispanic employees.

42. Non-Hispanic employees were not made to endure Defendant's discrimination, retaliation, and hostile work environment.

43. There is a causal connection between the conduct and the harm suffered and discriminatory motive in the hardship suffered. Plaintiff's ultimate discharge was the result of

Defendant's discriminatory and retaliatory conduct toward Plaintiff on account of her Hispanic race.

44. As a result of Defendant's discriminatory conduct, creation of a hostile work environment, wrongful termination, and retaliation against Plaintiff, Plaintiff has suffered and will continue to suffer lost income, lost fringe benefits, and incurred expenses in searching for replacement employment and additional education as well as pain and suffering, mental anguish, emotional distress, and other damages permitted by law as more fully set forth in his prayer for relief.

## COUNT III
## RACE DISCRIMINATION UNDER FCRA

45. Plaintiff realleges and incorporates herein all of the allegations set forth in paragraphs 1-44 above as if set forth herein.

46. Plaintiff brings this action under Fla. Stat. 760, *et. seq*.

47. Plaintiff is a member of a protected class in that she is of the Hispanic race.

48. Plaintiff is qualified for work as a "Program Professional"

49. Plaintiff suffered adverse employment actions because of her Hispanic race, as discussed *supra*.

50. Non-Hispanic employees of Defendant did not suffer racial discrimination.

51. Plaintiff complained of acts of discrimination to Defendant.

52. Plaintiff's discharge was the result of Defendant's discrimination against Hispanic employees.

53. Non-Hispanic employees were not made to endure Defendant's discrimination, retaliation, and hostile work environment.

54. There is a causal connection between the conduct and the harm suffered and discriminatory motive in the hardship suffered. Plaintiff's ultimate discharge was the result of Defendant's discriminatory and retaliatory conduct toward Plaintiff on account of her Hispanic race.

55. As a result of Defendant's discriminatory conduct, creation of a hostile work environment, wrongful termination, and retaliation against Plaintiff, Plaintiff has suffered and will continue to suffer lost income, lost fringe benefits, and expenses incurred in searching for replacement employment and additional education as well as pain and suffering, mental anguish, emotional distress, and other damages permitted by law as set forth in her prayer for relief.

## PRAYER FOR RELIEF—COUNTS I, II and III

Wherefore, Plaintiff, ANDREA VILLEGAS, respectfully request that this Court:

A. Find Defendant's actions toward Plaintiff to be in violation of her rights under the PDA, Title VII, and the FCRA;

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination against employees on the basis of race and sex, including pregnancy.

C. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for pregnant women, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to make Plaintiff whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, reinstatement or front pay in lieu thereof, and lost and/or reduced employee benefits.

E.  Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to, medical expenses, job search expenses, and any other pecuniary losses, in amounts to be determined at trial.

F.  Order Defendant to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights, in amounts to be determined at trial.

G.  Order Defendant to pay Plaintiff punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

H.  Award Plaintiff her costs of this action, including reasonable attorneys' fees under 42 U.S.C.A. § 2000e-5; Fla. Stat. § 760.11 (2004); and 42 U.S.C.A. §§ 12203 and 12205; and pre-judgment interest, and

I.  Grant such further relief as the Court deems necessary and proper in the public's interest.

**JURY TRIAL DEMAND**

56. Plaintiff requests a jury trial on all questions of fact raised by this complaint.

Respectfully submitted this 22nd day of May 2019.

**AZOY SOCORRO, LLP**
2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | E: jose@azoysocorro.com

Respectfully submitted,

**AZOY SOCORRO, LLP**
Attorneys for Plaintiff
2020 Ponce de Leon Blvd., Suite 1008
Coral Gables, Florida 33134
Tel: (305) 340-7542
Fax: (305) 418-7438
Email: jose@azoysocorro.com

/s/ José A. Socorro
By: _____
**JOSÉ A. SOCORRO, ESQ**.
Florida Bar No. 0011675
**RALPH AZOY, ESQ.**
Florida Bar No. 92695